USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KEVIN YAN LUIS, on behalf of himself and
all others similarly situated,

                                 Plaintiff,

          -against-                    22-CV-10215 (VEC)

                                         ORDER

ALT FRAGRANCES LLC,

                                 Defendant.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on December 7, 2022, Plaintiff sued Alt Fragrances LLC, alleging that its failure to make its website accessible to visually impaired persons violates the Americans with Disability Act ("ADA"), the New York State Human Rights Law, New York State Civil Rights Law, and the New York City Human Rights Law, *see* Compl., Dkt. 3;

       WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction, s*ee Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

       WHEREAS on April 3, 2023, the Court concluded that Plaintiff's allegations in his Complaint likely fail adequately to allege standing under *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022), *see* Order, Dkt. 12;

       WHEREAS the Court therefore ordered Plaintiff to show cause why the case should not be dismissed for lack of standing not later than April 10, 2023, *see id.*;

1

WHEREAS the Court twice granted Plaintiff extensions to respond to its Order, *see* Orders, Dkts. 14, 16;

WHEREAS the latest deadline for Plaintiff to respond was May 5, 2023, *see* Order, Dkt. 16; and

WHEREAS to date, Plaintiff has not responded to the Court's order;

IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for lack of standing. The Complaint alleges that Plaintiff made "numerous attempts" to "complete a purchase" on Defendant's website, including "an online purchase of cologne," and that he "intends to visit" the website "in the future to make purchases of fragrances" because he "enjoys Defendant's various selections" on its website. *See* Compl. ¶¶ 10, 36–37. Such "vague assertions" are insufficient to allege standing because Plaintiff "fail[s] to provide *any* details" about his interaction with Defendant's website such as the frequency of his visits, the items he intended to purchase on each occasion, why he sought to purchase them from Defendant in particular, or the unique items he would like to purchase from Defendant in the future. *Calcano*, 36 F.4th at 76–77; *see also Tavarez-Vargas v. Annie's Publ'n, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) (dismissing a website ADA case for lack of standing because the amended complaint "contain[ed] bare, conclusory statements" and lacked factual allegations that would allow the court to infer that the plaintiff "intend[ed] to return to [the] [d]efendant's website"); *Lopez v. Peapod, LLC*, No. 19-CV-9906 (KPF), 2021 WL 1108559, at *4–5 (S.D.N.Y. Mar. 23, 2021) (same).

The Clerk of Court is respectfully directed to close all open motions and to close the case.

**SO ORDERED.**

**Date: May 10, 2023**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**